UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

JOANNA INGALLS,                                                            CASE NO.: 3:11-cv-00848-TJC-JRK

    Plaintiff.

v.

ZAKHEIM & ASSOCIATES, P.A. and
DISCOVER BANK,

    Defendants.
_____/

### PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE PURSUANT TO F.R.CIV.P. 4(m), AND FOR REISSUANCE OF SUMMONSES

Plaintiff hereby moves this Court under F. R. Civ. P. 4(m) for an Order extending the time for service of the Complaint and Summonses on Defendants Zahkeim & Associates and Discover Bank and, for the reasons set forth herein, requests that this Court issue an Order directing the Clerk to reissue the summonses previously issued in this case.

#### Extension of Time for Service

This Motion is based upon F. R. Civ. P. 4(m). Rule 4(m) requires a two-step analysis in deciding whether to extend the time for serving a Complaint. First, upon showing of good cause, the Court must extend the time period. Second, even absent good cause, the Court still has discretion to extend the time period. Horenkamp v. Van Winkle and Co., 402 F. 3rd 1129, 1132-33 (11th Cir. 2005). Plaintiffs request an extension on both grounds.

This case was filed on August 23, 2011 and the summonses were issued on August 25, 2011. At the time the case was filed, counsel for the Plaintiff was in the process of relocating her office to its current location. During the course of the move, it appears that the original summonses were lost or misplaced. Since that time Counsel has diligently searched for the documents since that time, including ordering materials from storage, but has been unable to locate the original summonses.

Courts have held that "good cause [for failing to serve a party within the established time frame] exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." <u>Lepone-Dempsey v. Carroll Commissioners</u>, 476 F.3d 1277, 1281 (11th Cir. 2007).

Even if this Court were to find that the loss or misplacement of the summonses was a product of inadvertence or negligence and therefore does not fall under the "good cause" exception, the court <u>must</u> then consider "whether any other circumstances warrant an extension of time based on the facts." <u>Lepone-Dempsey</u> at 1282. In this case, the statute of limitations has run on the Plaintiff's claim, and therefore a dismissal of this case would bar her from pursuing the matter. Case law is clear that this is one factor that weighs toward granting an extension of time to serve the Complaint. As the <u>Lepone-Dempsey</u> court stated, in quoting the rules advisory committee that established FRCP 4(m),

> Although not an exhaustive list ... "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."

<u>Lepone-Dempsey</u> at 1281.

<u>Reissuance of Summonses</u>

In the event that this Court is inclined to grant the Plaintiff's Motion to Extend the time within which to effect service, the Plaintiff would also request that this Court enter an Order directing the clerk to reissue the lost summonses in this case so that they may be served.

In light of the factors set forth above, the Plaintiff respectfully requests that this Court grant the Plaintiff a thirty day extension of the time period within which to serve the Complaint on the Defendants, and issue an Order directing the clerk to reissue the Summonses to Defendants Zakheim & Associates, PA and Discover Bank.

Respectfully Submitted,
*/s/Alison N. Emery*
Emery Law Offices
Fla. Bar No. 621641
2700-C University Boulevard West
Jacksonville, FL 32217
(904)404-3394 (phone)
alison@emerylawoffices.com